COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


STEVE M. HAYES
                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2509-96-2      JUDGE LARRY G. ELDER
                                        APRIL 1, 1997
4 E CORPORATION, ET AL.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Malcolm Parks, III (Steven S. Biss; Maloney,
              Barr & Huennekens, on briefs), for appellant.

              S. Vernon Priddy, III (Ralph L. Whitt, Jr.;
              Robert F. Moorman; Sands, Anderson, Marks &
              Miller, on brief), for appellees.


      Steve M. Hayes (appellant) appeals a decision of the

Workers' Compensation Commission (commission) denying his claim

for permanent total disability benefits under Code

§ 65.2-503(C)(1).  He contends that the commission erred when it

admitted and considered a videotape of appellant repairing his

front door and then relied upon a letter from appellees' medical

expert interpreting the videotape.  He also contends that the

commission erred when it reversed the deputy commissioner's

credibility determination regarding the medical experts and

reweighed the medical evidence.  Finally, he contends that the

evidence was insufficient to support the commission's decision.

For the reasons that follow, we affirm.

_____

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

FACTS

The parties are familiar with the record and this memorandum opinion recites only those facts necessary to the disposition of the issues before the Court.

On November 8, 1983, appellant was severely injured when he fell 110 feet off of scaffolding while working. 4 E Corporation, his employer, accepted appellant's injuries as compensable. In 1994, appellant's eligibility for temporary compensation benefits expired, and appellant filed a claim for permanent total disability benefits pursuant to Code § 65.2-503(C)(1). Appellant alleged that his injuries in 1983 had resulted in the loss of use of his right arm and leg.

On February 28 and October 11, 1995, a deputy commissioner held a hearing on appellant's claim. Appellant's medical evidence regarding the loss of use of his right arm and leg consisted of the de bene esse deposition of Dr. Adelaar, his attending physician since his accident, and the testimony of Dr. Sinsabaugh, a rehabilitation counselor. Appellees' medical evidence on this issue consisted of the testimony of Mr. Kirby, the de bene esse deposition of Ms. Knowles, and the written opinion letter of Dr. Khokhar.

Due to time constraints, the first day of the hearing was adjourned at the conclusion of Mr. Kirby's direct examination but before his cross-examination. When appellant's counsel moved the

deputy commissioner to order appellees' counsel to avoid substantive discussions with Mr. Kirby prior to the resumption of the hearing, the deputy commissioner said: "All right.  In other words just stand as you are and don't discuss the case with anybody until we come back."

On August 8, appellant's counsel wrote a letter to the deputy commissioner stating that appellees had obtained a videotape of appellant from a private investigator that they sought to introduce into evidence when the hearing resumed. Appellant's counsel moved to exclude the videotape, and the deputy commissioner ruled that he would admit the videotape for impeachment purposes only.  Both parties proffered letters from their respective medical experts stating their analysis of the videotape's contents.

The parties resumed and concluded the hearing on October 11. On January 30, 1996, the deputy commissioner awarded permanent total disability benefits to appellant.  Appellees appealed, and the full commission reversed.  The commission held that the videotape was admissible for any purpose and that appellant had failed to prove that he had lost the use of his right arm and leg.

## II.

## ISSUES RELATED TO THE VIDEOTAPE

Appellant makes several arguments relating to the admission of the videotape.  First, appellant contends that the commission

erred when it admitted the videotape for any purpose because the contents of the videotape were not relevant to any issue at the hearing. Second, he asserts that the videotape was inadmissible because the deputy commissioner had ordered the suspension of all discovery at the close of the first day of the hearing. Third, appellant contends that the commission inaccurately described the contents of the tape. Finally, he argues that he was denied his constitutional right to cross-examine Dr. Khokhar regarding his analysis of the videotape's contents.

A.

We hold that the commission did not err when it held that the videotape of appellant was admissible. We note that the commission was not required to give any deference to the deputy commissioner's evidentiary ruling. "An appeal of a deputy commissioner's award empowers the [commission] to reexamine all of the deputy commissioner's conclusions." Mace v. Merchant's Delivery Moving & Storage, 221 Va. 401, 404 n.3, 270 S.E.2d 717, 719 n.3 (1980) (per curium). In addition, the contents of the videotape were relevant to the primary issue at the hearing: whether or not appellant had lost the use of his right arm and leg. See Pantry Pride-Food Fair Stores v. Backus, 18 Va. App. 176, 179, 442 S.E.2d 699, 701 (1994). "Evidence is relevant if it has any logical tendency to prove an issue in a case." Goins v. Commonwealth, 251 Va. 442, 461, 470 S.E.2d 114, 127, cert. denied, ___ U.S. ___, 117 S. Ct. 222, 136 L.Ed.2d 154 (1996).

-4-

The videotape depicts appellant using his right arm and walking and is therefore relevant to whether or not he had lost the use of these extremities.

B.

We disagree with appellant's argument that the deputy commissioner had ordered the parties to cease discovery at the conclusion of the first day of testimony on February 28 and that the commission erred when it held that the parties were permitted to develop additional evidence in the months between the first and second day of the hearing. Our review of the record indicates that the parties were not precluded from developing additional evidence after the first day of the hearing. The record establishes that when the deputy commissioner ordered the parties to "stand as you are," the only issue before him was whether appellees' counsel could have substantive communications with Mr. Kirby before the hearing resumed. In addition, the deputy commissioner did not order the record closed, and the record reveals no discovery request that prevented the parties from developing additional evidence as the hearing progressed. Thus, the commission was within its power when it admitted the videotape for any purpose.

C.

We also disagree with appellant's contention that the commission inaccurately depicted the contents of the videotape in its decision. We have viewed the videotape of appellant and hold that the commission's portrayal of its contents was faithful. In the scene of appellant at the automatic teller machine, the videotape shows appellant using his right hand to retrieve and

replace his wallet in his back pocket and walking without a "significant" antalgic gait to his car. In the footage of appellant repairing his front door, appellant is shown carrying a ladder with both hands at arm's length and then standing on the second step of the ladder for at least a few minutes. The tape shows appellant holding a screwdriver in his right hand and using it to pry and scrape at the upper corner of the outside door frame. The commission's portrayal of appellant's descent from the ladder and then down the porch steps is also accurate.

D.

Appellant argues that his due process rights were violated when the commission relied upon the letter proffered by appellees in which Dr. Khokhar analyzed the contents of the videotape. Appellant asserts that the commission based its decision upon this letter and that his due process rights were violated by this reliance because he had no opportunity to cross-examine Dr. Khokhar on the opinion expressed in his letter. We disagree. Contrary to appellant's assertion, the record does not establish that the commission relied on Dr. Khokhar's letter of September 22, 1995 in its decision. Instead, the only mention of Dr. Khokhar's opinion in the commission's decision refers to his letter of October 10, 1994 in which he referred to the evaluation performed by Mr. Kirby and Ms. Knowles. Thus, even if the commission did erroneously deny appellant his right to confront Dr. Khokhar, appellant has failed to demonstrate any prejudice.

-7-

Moreover, even if the commission had relied on Dr. Khokhar's unchallenged opinion, appellant's due process rights were not violated.  "'Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective . . . to whatever extent, the [claimant] might wish.'"  Nichols v. Commonwealth, 6 Va. App. 426, 429, 369 S.E.2d 218, 220 (1988) (quoting Delaware v. Fensterer, 474 U.S. 15, 20, 106 S. Ct. 292, 294, 88 L.Ed.2d 15 (1985)).  In this case, appellant was aware that the deputy commissioner's evidentiary ruling was subject to de novo review by the commission and that appellees had proffered Dr. Khokhar's analysis of the videotape.  Appellant had the opportunity to depose Dr. Khokhar regarding his letter before the deputy commissioner closed the record.  Thus, we cannot say that appellant was unconstitutionally deprived of an opportunity to cross-examine Dr. Khokhar.

### III.

### ISSUES RELATED TO THE MEDICAL EVIDENCE

Appellant makes several arguments regarding the medical evidence supporting the commission's decision.  First, he argues that Dr. Adelaar's medical opinion was unrebutted because Dr. Khokhar never expressed an opinion regarding appellant's ability to use his right arm and leg.  Second, appellant contends that the commission failed to accord appropriate weight to Dr. Adelaar's opinion.  Third, appellant asserts that the commission

erroneously reversed the credibility determinations of the deputy commissioner.  Finally, appellant argues that the evidence was insufficient to support the commission's decision that claimant was not entitled to permanent total disability benefits.

A.

We hold that Dr. Adelaar's opinion that appellant was unable to use his right arm and leg in any gainful employment was rebutted by the opinion in Dr. Khokhar's letter of October 10, 1994.  Appellant is correct that "[t]he commission may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses, which is not inherently incredible and not inconsistent with other facts in the record."  Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991).  However, it is apparent that Dr. Khokhar intended his letter of October 10, 1994 as an expression of his medical opinion that appellant could use his right arm and leg in either sedentary or light work.  In his letter of September 21, 1994, Dr. Khokhar stated that he would "comment" on appellant's ability to work after reviewing the functional capacity evaluation performed by Mr. Kirby and Ms. Knowles.  Then, after the evaluation was completed, Dr. Khokhar stated in his letter of October 10, 1994 that "[t]he work capacity evaluation has shown [appellant's] capability of utilizing [his] right upper and lower extremity for gainful employment . . . ."  Based on the context of his two letters, we conclude that Dr. Khokhar intended to adopt the

conclusions of Mr. Kirby's and Ms. Knowles' evaluation as his opinion in his letter of October 10, 1994. This opinion rebutted Dr. Adelaar's opinion and entitled the commission to resolve this conflict in the evidence.

Moreover, Dr. Adelaar's opinion was also rebutted by the opinion of Mr. Kirby. The commission may consider non-medical evidence in determining the status of a claimant's disability, and a witness who is not a medical doctor may give admissible medical testimony. See Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 660 n.2, 426 S.E.2d 489, 492 n.2 (1993); Seneca Falls Greenhouse & Nursery v. Layton, 9 Va. App. 482, 486-87, 389 S.E.2d 184, 187 (1990). Mr. Kirby opined during his testimony and in his report that appellant could use his right arm and leg in either sedentary or light employment. This opinion rebutted Dr. Adelaar's opinion regarding the extent to which appellant had lost the use of his right arm and leg and likewise created a conflict in the evidence.

B.

We also hold that the commission did not err when it declined to adopt the opinion of Dr. Adelaar, who was appellant's attending physician. Generally, "great weight should be given to the evidence of an attending physician." C.D.S. Constr. Servs. v. Petrock, 218 Va. 1064, 1071, 243 S.E.2d 236, 241 (1978). However, "[an attending physician's] opinion is not binding on the commission. The probative weight to be accorded such

evidence is for the commission to decide; and if it is in conflict with other medical evidence, the commission is free to adopt that view 'which is most consistent with reason and justice.'" Id. (quoting Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 567 (1958)). In this case, the commission weighed the conflicting opinions of Dr. Adelaar, Dr. Khokhar, and Mr. Kirby and was within its discretion when it decided that the opinions of Dr. Khokhar and Mr. Kirby were more persuasive.

C.

We hold that the commission did not err when it reversed the credibility determination of the deputy commissioner regarding the medical evidence. Upon review of a deputy commissioner's decision, the commission may not arbitrarily disregard the deputy commissioner's specific credibility determinations that are based upon a recorded observation of the demeanor or appearance of a witness. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 382, 363 S.E.2d 433, 437 (1987). In such instances, the commission is required to articulate the basis for its conclusion. Id. However, if the deputy commissioner does not include a specific, recorded observation regarding the behavior, demeanor or appearance of a witness in his or her opinion, the commission has no duty to explain its reasons for making credibility determinations that differ from those made by the deputy commissioner. Bullion Hollow Enterprises v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907

-11-

(1992).

The commission's reversal of the deputy commissioner's determination that Dr. Adelaar's opinion was more credible than Dr. Khokhar's was not erroneous. The deputy commissioner did not base his opinion on any observation of either doctor's demeanor or behavior. Indeed, neither doctor testified in person before the deputy commissioner. Thus, the commission was under no duty to explain its decision to reverse the credibility finding of the deputy commissioner. Nevertheless, the commission stated that it found "the report of Dr. Khokhar and the functional capacities evaluation team to be more reliable and probative [because] it was based on objective and empirical testing . . . while Drs. Adelaar and Sinsabaugh relied essentially on what the claimant represented he could do." This conclusion is supported by credible evidence in the record.

D.

We hold that the evidence was sufficient to support the commission's decision. "It is fundamental that a finding of fact made by the commission is conclusive and binding upon this Court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Relying on the opinions of "Dr. Khokhar and the functional capacities evaluators," the commission concluded that appellant "failed to prove that he is unable to use his right hand and right leg to any substantial degree in gainful employment." We cannot say that this conclusion is not supported by credible evidence in the record.

For the foregoing reasons, we affirm the commission's decision.

<u>Affirmed</u>.