COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia

WESTMORELAND COAL COMPANY

MEMORANDUM OPINION[*] BY
v.          Record No. 2159-96-3          JUDGE RICHARD S. BRAY
                                          MAY 6, 1997
LARRY G. KILGORE

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael F. Blair (Penn, Stuart & Eskridge, on brief), for appellant.

Susan D. Oglebay for appellee.

Westmoreland Coal Company (employer) appeals a decision of the Virginia Workers' Compensation Commission (commission) which awarded temporary total disability benefits to Larry G. Kilgore (claimant) upon a change in condition application. On appeal, employer contends that the commission erroneously concluded (1) that claimant was partially disabled when his employment was terminated and, thereafter, adequately marketed his "residual job skills" and (2) that claimant's psychiatric difficulties were causally related to the industrial injury, resulting in subsequent temporary total disability. We affirm the award.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

Guided by well established principles, we construe the

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

evidence in the light most favorable to the party prevailing below, claimant in this instance.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706.

A "change in condition" contemplated by the Virginia Workers' Compensation Act is "'(1) . . . a change in the employee's capacity to work . . . (2) . . . due to a condition causally connected with the injury originally compensated.'" AMP, Inc. v. Ruebush, 10 Va. App. 270, 273-74, 391 S.E.2d 879, 881 (1990) (quoting King's Market v. Porter, 227 Va. 478, 483, 317 S.E. 146, 148 (1984)); see Code § 65.2-101.  The commission's determination that a claimant's recurrent incapacity to work is causally related to the original industrial injury is a "finding of fact . . . [that is] binding on appeal if supported by credible evidence."  Board of Supervisors v. Martin, 3 Va. App. 139, 142, 348 S.E.2d 540, 541 (1986).

**PHYSICAL DISABILITY AND MARKETING OF RESIDUAL CAPACITY**

An employee working under restrictions attendant to a compensable injury may have benefits restored upon termination of such employment, provided the employee thereafter reasonably

markets his or her residual earning capacity.  See, e.g., Huffman v. Toney Arey Trucking, 70 O.I.C. 85, 88 (1991); see also Pleasants v. AT&T Microelectronics, 68 O.I.C. 169 (1989).  In assessing a reasonable marketing effort, the commission should consider (1) the nature and extent of employee's disability, (2) employee's training, age, experience, and education (3) the nature and extent of employee's job search, (4) employee's intent in conducting his job search, (5) availability of jobs in the area suitable for employee considering his disability, and (6) any other matter affecting the employee's capacity to find suitable employment.  See National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989).

In this instance, the records of claimant's treating physician, Dr. Gary Williams, document claimant's limited work capacity dating from and attributable to injury suffered in the industrial accident of July 22, 1992.  When Dr. Williams released claimant to work in December, 1994, he stipulated "light to medium duty as outlined in the most recent job description."  In correspondence dated January 26, 1996, Dr. Williams reported that "[claimant's] physical capacities had not improved beyond what they were prior to his having to come out of work in late 1994."  The evidence discloses that claimant's post-accident work activities were compatible with his limited abilities until "layoff" on July 31, 1995.  Thereafter, claimant unsuccessfully applied for other employment "[o]nce, twice a week," despite

income from unemployment benefits and a limited local job market. Such evidence, together with other relevant circumstances, provides ample support for the commission's finding that claimant was partially disabled by the original injury and reasonably pursued employment suitable to his residual capacity between August 1 and December 16, 1995.

## PSYCHIATRIC DISABILITY

### A.   Procedural Bar

Employer argues that claimant failed to properly preserve for appeal the deputy commissioner's finding that "no medical opinion . . . causally relate[d]" claimant's psychiatric disorder to the original accident.  Assuming, without deciding, that claimant's application for review by the commission did not specifically identify this issue, it was, nevertheless, subject to commission review.  Virginia Workers' Compensation Commission Rule 3.1.  Although "[a] request for review <u>should</u> assign as error specific findings of fact and conclusions of law," the commission may, <u>sua</u> <u>sponte</u>, "address any error and correct any decision . . . if such action is considered . . . necessary for just determination of the issues."  Rule 3.1 (emphasis added); <u>see</u> <u>also</u> <u>Brushy Ridge Coal Co. v. Blevins</u>, 6 Va. App. 73, 77–78, 367 S.E.2d 204, 206 (1988) (failure to specify exceptions in request for review is not jurisdictional; commission may consider any errors of deputy commissioner).

### B. Merits

Emotional harm attendant to physical injury is compensable, provided it is a "natural consequence that flows from the injury" and not the result of "'an independent intervening cause attributable to claimant's own intentional conduct.'" Morris, 3 Va. App. at 283, 348 S.E.2d at 879 (quoting A. Larson, The Law of Workmen's Compensation §§ 13, 81.30); see Seneca Falls Greenhouse & Nursery v. Layton, 9 Va. App. 482, 486, 389 S.E.2d 184, 187 (1990).

Here, Dr. Williams' records clearly document a psychiatric component to claimant's injury, described as "situational depression" resulting from chronic low back pain and frustration with related physical limitations. He noted, as early as December 18, 1992, that claimant was "depressed and very nervous," "anxious and tense," with "suicidal thoughts" because of "pain" and "lack of improvement." On October 31, 1995, he observed that claimant was "very desponded [sic] about his condition." Claimant intentionally overdosed on prescribed pain and anti-anxiety medication on December 16, 1995, resulting in hospitalization for approximately a week.

Following this incident, claimant explained to Dr. Russell McKnight, a psychiatrist, that he was "overwhelmed with depress[ion] . . . [and] hopelessness due to pain," "not wanting to live anymore because of the pain," "living day to day." Dr. McKnight's notes reflect severe depression, nervousness and sleep difficulties associated with claimant's persistent pain. He

opined that claimant suffered from "Anxiety Depressive Syndrome with Insomnia secondary to Chronic [back] Pain," and prescribed "antidepressant medication," with attendant plans to "work this up quickly" incidental to further treatment of claimant. Dr. Williams agreed, noting claimant's "pain syndrome" and "[a]ssociated depression, status post suicide gesture/attempt." (Emphasis added).

The findings and conclusions of Drs. Williams and McKnight provide abundant evidence to support the commission's conclusion that claimant's psychiatric difficulties were attributable to the original injury. Such evidence, together with claimant's declared inability to presently seek new employment, sufficiently established compensable temporary total disability. See Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176-77, 468 S.E.2d 152, 154-55 (1996).

Accordingly, the commission correctly concluded that claimant was entitled to commensurate benefits, and we affirm the award.

Affirmed.