COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


VOLVO CARS OF NORTH AMERICA
AND
LUMBERMEN'S MUTUAL CASUALTY COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 1329-99-3              PER CURIAM
                                      OCTOBER 19, 1999
ALVIE J. ALTIZER, JR.


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Dale W. Webb; Monica L. Taylor; Gentry,
              Locke, Rakes & Moore, on briefs), for
              appellants.

              (Ginger Jonas Largen; Morefield, Kendrick,
              Hess & Largen, P.C., on brief), for appellee.


     Volvo Cars of North America and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Alvie J. Altizer,

Jr. proved that his current psychiatric condition and disability

constituted a compensable consequence of his January 15, 1997

industrial accident and April 1997 re-injury.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.


_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"The actual determination of causation is a factual determination that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  It is well settled that when an injury by accident accelerates or aggravates a pre-existing condition, disability resulting therefrom is compensable.  See Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986).  Likewise, when a compensable injury by accident aggravates or contributes to a pre-existing psychological condition, the subsequent "[e]motional harm following physical injury is compensable, even when the physical injury does not directly cause the emotional consequence."  Seneca Falls Greenhouse & Nursery v. Layton, 9 Va. App. 482, 486, 389 S.E.2d 184, 187 (1990).

In finding that Altizer sustained his burden of proving a causal relationship between his January 1997 injury by accident and April 1997 re-injury and the aggravation of his psychiatric condition and resulting disability, the commission found as follows:

> [Altizer] clearly suffered
> psychological problems prior to the
> work-related accident, as evidenced by Dr.
> [Scott] Jamison's records which repeatedly
> refer to his depression and anxiety. . . .
> Important to this case, however, is the fact
> that [Altizer's] mental condition had not
> affected his ability to work.  For three
> years, Dr. Jamison consistently treated
> [Altizer] for depression, but it did not
> prevent him from working.  Yet, on June 24,

-

1997, Dr. Jamison stated that he viewed [Altizer] "as being unsafe to be in a work environment . . ." because of his psychological condition. Dr. [Riaz Uddin] Riaz acknowledged that [Altizer] experienced anxiety prior to the injury but noted that it did not prevent him from working. [Dr. Riaz opined that Altizer's "[m]ajor depression was precipitated by work related injury and [his] generalized anxiety disorder was aggravated by his industrial injuries."] [Altizer] testified that he took Prozac prior to the accident, but had stopped because: "Finally my nerves got good enough that I didn't have to. I just went off of it and was doing pretty good." In a deposition taken April 9, 1998, Dr. [Neil P.] Dubner concluded that:

> his disabling condition, as far as I'm concerned, is not an orthopedic one but a psychiatric one. One of his diagnoses is pain disorder, meaning there is an excessive response to the injury or to the physical symptoms.

It was not until after the January 15, 1997 injury, the March 10 wrist injury, and the April 15 shoulder aggravation that [Altizer] became psychologically unable to work. . . . Although [Altizer] left work after an argument with his supervisor, the medical records indicate that his mental instability causing him to leave work was from the residuals of the original work injury and subsequent aggravations.

In its role as fact finder, the commission was entitled to accept Dr. Dubner's opinion, which was supported by the medical reports and opinions of Drs. Riaz and Jamison and clinical psychologist, Constantine G. Demopoulos, and to reject the contrary opinion of Dr. Robert S. Brown, Jr., who evaluated Altizer on one occasion at employer's request. "Questions

-

raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The opinions and medical records of Drs. Dubner, Riaz, Demopoulos, and Jamison, along with Altizer's testimony, constitute credible evidence to support the commission's decision. Indeed, in a March 17, 1998 letter, Dr. Dubner, who had been treating Altizer since April 17, 1997, opined that Altizer's depressive condition was the direct result of the January and April 1997 industrial accidents. "The fact that there may be contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

We note that no evidence in the record supports employer's argument that Altizer's current psychiatric condition and resulting disability were caused by a one-time argument with his supervisor at work on April 17, 1997. In fact, Altizer testified by deposition that, as of that date, "I just got depressed because I couldn't do anything with the right shoulder, couldn't sleep." He stated that he stopped working at that point because he "thought it was going to get better but the depression got so bad over my shoulder. I couldn't do nothing [sic] with it and couldn't raise it, hardly raise it up over my head." Furthermore, no physician, including Dr. Brown,

-

causally related Altizer's present psychiatric condition and disability to the April 17, 1997 incident with his supervisor.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>