COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Duff
Argued by teleconference


BUCHANAN COUNTY BOARD OF SUPERVISORS
and
NATIONWIDE MUTUAL INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1104-97-3      JUDGE SAM W. COLEMAN III
                                       DECEMBER 23, 1997
RAY ELMER BOSTIC


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            William F. Karn (William B. Pierce, Jr.;
            Pierce & Howard, P.C., on brief), for
            appellants.

            Ginger Jonas Largen (Morefield, Kendrick,
            Hess & Largen, P.C., on brief), for appellee.


        Buchanan County Board of Supervisors and its insurer

(employer) contend that the Workers' Compensation Commission

erred in finding that Ray E. Bostic's permanent partial

disability to his right index finger was causally related to his

compensable September 25, 1995 injury by accident.  Because

credible evidence supports the commission's finding that

claimant's disability to his right index finger was causally

related to the work-related accident, we affirm the commission's

award.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). A "question raised by conflicting medical evidence or opinion is a question of fact," and "it is fundamental that a finding of fact made by the [c]ommission is conclusive and binding upon this [C]ourt on review" when supported by credible evidence. Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

On September 25, 1995, claimant suffered a compensable injury by accident to his right thumb when a dumpster lid fell on it. On that same date, Dr. Timothy G. McGarry, an orthopedic surgeon, surgically corrected claimant's right thumb fracture. He subsequently rated claimant as suffering from a fifty percent permanent partial disability of the right thumb.

On May 23, 1996, Dr. John M. Chandler examined claimant upon employer's request. Dr. Chandler confirmed the fifty percent permanent partial disability to the right thumb. Dr. Chandler also determined that claimant sustained a twenty percent permanent partial disability to his right index finger as a result of the dumpster incident.

After reviewing Dr. Chandler's report, and his own records, Dr. McGarry agreed that claimant suffered from a twenty percent permanent disability to his right index finger, but in his opinion, that disability was not causally related to the dumpster

- 2 -

accident. Dr. McGarry did not render any opinion as to the cause of the right index finger injury.

In a letter to employer's insurer, Dr. Chandler affirmed his opinion stating:

> Regarding the mechanism of [claimant's] injury, certainly he sustained a more severe injury to the thumb and most of the attention in [Dr. McGarry's] dictation reports centered on that injury. However, the nature of his injury would have included associated injury to the right index finger and certainly the objective findings substantiate a posttraumatic arthrofibrosis of that digit with some limited range of motion. It remains my opinion that he sustained a condition of a crush injury to the index finger and while that did not result in a condition which required surgery or extensive dictation or note in the record, I think the objective findings speak for themselves.

At the hearing, claimant testified that he had no symptoms related to his right index finger until Dr. Chandler's examination showed a loss of function in that finger. However, claimant also stated that he suffered no right hand or finger injuries prior to or after the September 25, 1995 work-related accident.

Based upon this record, the commission found that claimant's twenty percent permanent partial disability to his right index finger was causally related to his compensable September 25, 1995 injury by accident.

Dr. Chandler's opinions, along with claimant's testimony denying any pre-September 25, 1995 or post-September 25, 1995 right index finger injury, constitute credible evidence to

- 3 -

support the commission's findings. Although the claimant testified that he did not receive a crush injury to his right index finger, his testimony was not inconsistent with Dr. Chandler's opinion that the claimant's thumb injury caused an "associated injury to the right index finger," which was a posttraumatic arthrofibrosis that he described as "a condition of a crush injury to the index finger." Moreover, although Drs. Chandler and McGarry had conflicting opinions as to whether the compensable injury by accident had caused the claimant's right index finger injury, the commission was entitled to determine the weight and credibility to give to each doctor's opinion. If credible evidence supports the commission's factual finding, we are required to uphold that finding on review. See Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989); see also Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991) ("Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.