## Salem

BRUSHY RIDGE COAL COMPANY, INC., et al.

v.

DANNY L. BLEVINS

No. 0201-87

Decided April 5, 1988

74

COUNSEL

Michael F. Blair (Penn, Stuart, Eskridge & Jones, on brief), for appellants.

Jeffrey Sturgill (Sturgill & Stump, on brief), for appellee.

OPINION

COLE, J. — The carrier, Rockwood Insurance Company, appeals a decision of the Industrial Commission holding that Code § 65.1-100.3 is substantive in nature with no retroactive application and refusing to allow the carrier credit for compensation payments made to the claimant, Danny L. Blevins, from July 1, 1985, the effective date of Code § 65.1-100.3, to October 3, 1986. On appeal the carrier raises two issues: (1) whether the full commission on review can consider an issue that was neither raised at the hearing before the deputy commissioner nor reviewed before the commission; and (2) whether Code § 65.1-100.3 requires employees who received compensation payments for accidents occurring prior to July 1, 1985, its effective date, to disclose to the employer and insurer any return to employment or increase in earnings. We find that the first issue was properly considered by the full commission and that its determination that Code § 65.1-100.3 does not apply to accidents occurring prior to its effective date was correct; therefore, we affirm.

I.

Blevins, at the time of his injury on March 8, 1985, was a stockholder, president, and mine superintendent for the employer, Brushy Ridge Underground Coal Company, Inc. He sustained a fractured skull from an accident at work, and the carrier accepted his claim as compensable. A memorandum of agreement was executed, and on May 22, 1985, the Industrial Commission entered an award of temporary total disability benefits at the maximum rate, commencing March 16, 1985. Compensation was paid through October 3, 1986, when the carrier filed its application for hearing.

During the entire period that he was receiving workers' compensation benefits, Blevins continued to receive his regular salary, from which deductions for social security and state and federal taxes were withheld. He began to perform various odd jobs around his employer's office in February, 1986, and returned to work on a part-time basis around November 1, 1986. Blevins declined to furnish the carrier with documentation regarding his income, as-

serting that such payments were not the carrier's concern, and that during his incapacity, he was entitled to both his salary and disability benefits. Consequently, the carrier was forced to obtain this income information pursuant to a subpoena for the records.

The carrier filed an application for hearing on October 1, 1986, seeking to terminate compensation payments and to receive a credit for compensation paid based on Code § 65.1-100.3. The carrier alleged that Blevins returned to work at his regular employment on January 1, 1986, and sought credit for all payments made thereafter as a result of his failure to report this income. Blevins defended upon the ground that the payments he received were not earned wages or salary because he had not recommenced any work activity until November 1, 1986. A hearing was held before the deputy commissioner on December 12, 1986. The deputy commissioner ruled that Blevins was no longer entitled to compensation and granted the carrier a credit for all compensation paid to Blevins based on Code § 65.1-100.3, effective July 1, 1985, which provides:

So long as an employee receives payment of compensation under this act, such employee shall have a duty to immediately disclose to the employer and insurer any return to employment or increase in his earnings. Any payment to a claimant by an employer or insurer which is later determined by the Industrial Commission to have been procured by the employee by fraud, misrepresentation or failure to report any return to employment or increase in earnings may be recovered from the claimant by the employer or insurer either by way of credit taken to future compensation due the claimant, or by action at law against the claimant.

Upon review, the commission affirmed the deputy commissioner's decision that Blevins was no longer entitled to compensation. However, the commission reversed the deputy commissioner's granting of a credit for compensation paid, ruling that Code § 65.1-100.3 applies only to accidents occurring on and after July 1, 1985, the effective date, because it is substantive in nature and therefore cannot be retroactively applied to a compensation award based on an accident occurring prior to that date.

## II.

The carrier argues that Blevins did not challenge the applicability of Code § 65.1-100.3 at the hearing before the deputy commissioner, and his request for review did not specify it as a determination of fact or law to which exception was taken pursuant to Rule 2(A) of the Rules of the Industrial Commission.[1] Therefore, it claims that the issue was not properly raised and the commission should not have considered it.

The carrier's application sought credit for payments it made as a result of the claimant's failure to report his income. It requested the Industrial Commission to apply Code § 65.1-100.3 and grant to it the remedy provided thereunder. Under the application, the deputy commissioner was required to determine whether the statute was applicable to the facts of the case; to do this he had to make a legal determination whether to apply the statute retroactively or prospectively. Until this assessment was made, the deputy commissioner could not decide whether the carrier was entitled to a credit. We find that the issue was properly raised in the carrier's application and properly addressed by the deputy commissioner, who applied Code § 65.1-100.3 retroactively to the March 8, 1985, accident in which the claimant was injured.

The carrier also maintains that Rule 2(A) requires that a request for review of the decision of a deputy commissioner "specify each determination of fact or law to which exception is taken." Since Blevins did not challenge the deputy commissioner's finding that Code § 65.1-100.3 applies to this case, the carrier argues, the commission should not have considered the issue.

 If an application for review is made to the commission within twenty days from the date of the deputy commissioner's award, "the full Commission . . . shall review the evidence or . . . hear the parties at issue . . . and shall make an award . . . ." Code § 65.1-97. Rule 2(A) of the Rules of the Industrial

---

[1] Rule 2(A) provides, in pertinent part:

Within twenty (20) days from the date of the decision or award by a . . . Deputy Commissioner . . ., a party may file a request for review by the Full Commission of such decision or award. A request for review must be in writing and must be filed with the Clerk of the Commission. A request for review should specify each determination of fact or law to which exception is taken.

Commission sets forth procedural requirements concerning an application for review. It provides that the request for review "*must* be in writing," and "*must* be filed with the Clerk of the Commission" (emphasis added). The word "must," like the word "shall," is primarily mandatory. Rule 2(A) goes on to provide that "[a] request for review *should* specify each determination of fact or law to which exception is taken" (emphasis added). The word "should" ordinarily denotes duty or obligation and usually implies no more than expediency. It is not mandatory, but directory only. Rule 2(A) suggests that a party requesting a review should in good practice specify each determination of fact or law it desires the commission to determine. We do not consider this requirement as jurisdictional in nature, mandating that the commission disregard other errors that may be made by the deputy commissioner.[2]

■ We hold that under Rule 2(A) the commission had the discretion to hear the petition for review without a specification of each determination of fact or law, and to determine all of the issues involved in the case. Under the circumstances, for us to grant the prayer of the carrier and dismiss this appeal, or to refer it back to the commission for further consideration, would be tantamount to the substitution of our discretion for that of the commission. We decline to do so. Accordingly, we find that the issue of the application of Code § 65.1-100.3 to Blevins' claim was properly before the commission.

### III.

We now turn to the carrier's substantive argument that the commission erred in reversing the deputy commissioner's decision to apply Code § 65.1-100.3 retroactively and grant credit for payments made to Blevins.

■ In *Duffy v. Hartsock*, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948), the Virginia Supreme Court stated the general rule as

---

[2] In this case, it appears from the record that counsel for the carrier attempted to argue before the full commission that Rule 2(A) was a procedural bar to the full commission's review and that the deputy commissioner properly applied Code § 65.1-100.3 in this case, but was prohibited from so doing.

Under Code § 65.1-18, the commission is authorized to make rules for carrying out the provisions of the Workers' Compensation Act. Because the Industrial Commission promulgates these rules and has the obligation and right to enforce them, we would prefer that it have the first opportunity to construe its own rules.

follows:

> Retrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest; but the legislature may, in its discretion, pass retrospective and curative laws provided they do not partake of the nature of what are technically called *ex post facto* laws, and do not impair the obligation of contracts, or disturb vested rights; and provided, further, they are of such nature as the legislature might have passed in the first instance to act prospectively.

(citations omitted) (emphasis in original). The general principle that statutes should be given a prospective rather than a retrospective construction has been given statutory approval in Code § 1-16. *See Ferguson v. Ferguson*, 169 Va. 77, 85-86, 192 S.E. 774, 776 (1937).

▊ Although contractual rights may not be obstructed or vested property interests damaged, procedural matters and remedies for enforcement and preservation may be altered, amended or repealed so long as a reasonable remedy is afforded to enforce and preserve such rights. *Duffy*, 187 Va. at 416, 46 S.E.2d at 574. "Substantive rights" as well as "vested rights" are interests protected from retroactive application of statutes. *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753 (1984); *see also Blue Diamond Coal Co. v. Pannell*, 203 Va. 49, 54, 122 S.E.2d 666, 670 (1961). "Substantive rights, which are not necessarily synonymous with vested rights, are included within that part of the law dealing with creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Shiflet*, 228 Va. at 120, 319 S.E.2d at 754 (citations omitted).

Applying these principles, we conclude that Code § 65.1-100.3 is substantive in nature and should not be retroactively applied to accidents which occurred prior to its effective date. Code § 65.1-100.3 imposes a singular duty upon the employee: he shall have an obligation to immediately disclose to the employer and the insurer any return to employment or increase in his earnings. The statute grants a substantive right to the employer or insurer which did not exist previously: any payment to such employee which is later determined by the commission to have been procured by the em-

ployee by fraud, misrepresentation or failure to report any return to employment or increase in earnings may be recovered from the employee by the employer or insurer by way of credit taken against future compensation payments due the claimant, or by action at law against the claimant.

The commission cannot review a prior award in order to revise or modify it in regard to monies paid. Code § 65.1-99; *Bristol Door & Lumber Co. v. Hinkle*, 157 Va. 474, 477, 161 S.E. 901, 903 (1932). Further, since the effective date of Code § 65.1-100.3, the commission has held that, by reading Code § 65.1-99 and Code § 65.1-100.3 together, it is clear that Code § 65.1-100.3 "created a new substantive right in the employer which could not be asserted before in the Industrial Commission." *McManus v. Intercoastal Steel Corp.*, 65 O.I.C. 290, 291-92 (1986).

█ Blevins had an award from the commission for compensation. Absent fraud, misrepresentation, or mistake, "the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission." *K & L Trucking Co., Inc. v. Thurber*, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985) (citations omitted). "[T]he relationship of the Commission to an award is that of a court to a judgment during the term at which it is rendered." *Id.* We, therefore, conclude that the award created a vested right which could not be divested by retroactive application of Code § 65.1-100.3. *See Sargent Elec. Co. v. Woodall*, 228 Va. 419, 323 S.E.2d 102 (1984).

Furthermore, the statute gave to the employer and carrier a substantive right which they never had before — the right to recover from the claimant either by way of credit taken against future compensation payments due the claimant or by an action at law. We hold that this statute created a substantive right and under general principles discussed previously, cannot operate retroactively, unless the statute by express language or necessary implication indicates that the legislature intended a retroactive application. We cannot find such an intention in the language of Code § 65.1-100.3. Therefore, Code § 65.1-100.3 is not to be applied retroactively and has no application to accidents that occurred prior to July 1, 1985.

For the reasons stated, we affirm the decision of the commission.

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.