**Alexandria**

CLASSIC FLOORS, INC., et al.

v.

ROGER B. GUY

No. 1461-88-4

Decided September 19, 1989

COUNSEL

Lynn Murphy Tucker (Ralph L. Whitt, Jr., Sands, Anderson, Marks & Miller, on brief), for appellant.

Bruce K. Billman (Rice, Stallknecht, Billman & Meyer, on brief), for appellee.

OPINION

**BENTON, J.**—Classic Floors, Inc., appeals from a decision of the Industrial Commission reversing the deputy commissioner and awarding temporary total benefits to Roger B. Guy. Classic Floors contends that the commission erred in (1) refusing to consider whether Guy was an employee or independent contractor, that issue having been assigned as error in Classic Floor's responsive brief but resolved in Guy's favor by the deputy commissioner and not appealed by the employer; and (2) finding that Guy suffered an injury by accident arising out of and in the course of his em-

ployment. We conclude that the commission committed no error, and we affirm the decision.

Roger Guy began work for Classic Floors as a floor refinisher in August, 1986. Classic Floors routinely issued the daily work assignments to Guy and its other workers and provided transportation to the job site in company trucks. Classic Floors also dictated certain aspects of job performance, including the number of times the floors should be sanded, when to break for lunch, and when to break for the day. Guy was paid by the square foot and used his own hand tools on the job. Although he was labeled a subcontractor and was responsible for his own taxes and insurance, he did not have his own contractor's license. Moreover, while employed by Classic Floors, Guy did not work for any other company.

On September 10, 1986, Guy was lifting a floor sander weighing approximately two hundred pounds into a truck when he felt a pull in his back and experienced pain. The pain became progressively worse over the next five days. Guy informed Classic Floors of the continuing discomfort and made arrangements to visit Dr. Richard Orlin on September 15. Dr. Orlin's office notes reflect that Guy lifted a very heavy sander at work and experienced leg cramps.

Guy sought treatment at the Veteran's Administration Hospital ten days later. The various medical reports documenting Guy's treatment at the VA Hospital do not refer to a specific incident which gave rise to Guy's symptoms. Instead, they document Guy's history of prior back complaints and the heavy manual labor involved in his job. An October 7, 1986 chiropractic center record, however, described Guy's ailment as follows: "Injured back while running floor sanding machine. D/A 9/10/86." In addition, a subsequent letter dated January 20, 1988, from Dr. Hanwehr, chief of neurosurgery of the Veterans Administration Medical Center, stated that "[t]he heavy lifting incident of 9/86 had clearly been the predisposing traumatic event which without question in my professional judgement [sic] led to a major L5/S1 offset."

Although Classic Floors defended the claim on the ground that Guy was an independent contractor, the deputy commissioner found from the evidence that Guy was an employee within the meaning of the Workers' Compensation Act. The deputy commis-

sioner also found, however, that Guy failed to establish that he suffered an industrial accident. Although Guy appealed, Classic Floors did not appeal to the full commission from the ruling regarding Guy's employment status. Instead, Classic Floors raised Guy's employment status as an issue in its responsive brief. On review, the commission determined that Classic Floors did not timely appeal the deputy commissioner's finding that Guy was an employee of Classic Floors, and the commission limited its consideration to whether Guy had established an injury by accident and, if so, the extent of his disability. Finding that the evidence adequately established an injury by accident on September 10, 1986, the commission reversed the deputy commissioner's denial of benefits.

Classic Floors advances two reasons why the commission erred in refusing to consider the question of Guy's employment status on review. Classic Floors first points out that the commission's Rule 2(A) is directed to procedural requirements for applications for review and that no statute or rule precludes a party from raising an issue outside the twenty day time limit through assignment of cross error.[1] Second, Classic Floors asserts that the issue of Guy's employment status was jurisdictional and could not be waived through a failure to appeal that issue in a timely manner. We find no merit to either contention.

In *Brushy Ridge Coal Co. v. Blevins*, 6 Va. App. 73, 367 S.E.2d 204 (1988), this court recognized that the Industrial Commission, having the right to make and enforce rules, should also have the opportunity to construe its own rules. *Id.* at 78 n.2, 367 S.E.2d at 206 n.2. Consequently, our review is limited to a determination whether the commission's interpretation of its own rule was reasonable.

The commission treated Classic Floors' raising of the issue of Guy's employment status by way of responsive brief as a request for review of this issue. It refused to consider the question because

---

[1] Rule 2(A) provides in pertinent part:

Within twenty (20) days from the date of the decision of award by a . . . Deputy Commissioner . . . a party may file a request for review by the Full Commission of such decision or award. A request for review must be in writing and must be filed with the Clerk of the Commission. . . . A request for review should specify each determination of fact or law to which exception is taken. A copy of the request for review must be furnished to the opposing party.

it was not raised in a timely manner. We cannot say that the position adopted by the commission was unreasonable. The issue that Classic Floors failed to appeal but sought to raise in its responsive brief was not germane to the issues before the commission. Guy's appeal, which was timely filed, required the commission to review the deputy commissioner's rulings only with respect to the issues of injury by accident and the extent of Guy's disability. Guy's employment status bore no logical nexus to the analysis required to determine whether an injury by accident had been proved and, if so, the extent of disability. In the absence of a timely appeal, the Workers' Compensation Act does not require the commission to review each ruling made by the deputy commissioner whenever a respondent asserts that the deputy commissioner erred in a ruling that is unrelated to the issues on appeal. The question whether Guy was an employee or independent contractor had been controverted at the evidentiary hearing and ruled upon, adversely to Classic Floors, by the deputy commissioner after a consideration of the evidence. If Classic Floors believed that the deputy commissioner had erred in that finding, Classic Floors could have preserved its point by making a timely request for review of that issue. *See* Industrial Commission Rule 2(A).

■ Classic Floors argues that *Blevins* permits a respondent to obtain review before the commission of issues that were not appealed solely by raising those issues in its responsive brief. We do not read *Blevins* so broadly. The question resolved in *Blevins* was whether the party who timely appealed from the ruling of the deputy commissioner was required by the commission's Rule 2(A) to particularize each question of fact and law. *Blevins* holds that because Rule 2(A) states that "[a] request for review *should* specify each determination of fact or law to which exception is taken," the commission has discretion to hear the petition for review arising from a timely appeal and to determine the scope of the issues related to the appeal. 6 Va. App. at 78, 367 S.E.2d at 206. We see no conflict between the holding in *Blevins* and the commission's ruling in this case. Accordingly, we cannot say that the commission has unreasonably interpreted its Rule 2(A) to require a party to file a timely notice of appeal if that party intends to challenge a ruling by the deputy commissioner that has not been appealed or that is not germane to the issues that have been timely appealed.

Classic Floors also raises the question whether Guy's employment status was a jurisdictional issue which could not be waived by Classic Floors through a failure to appeal in a timely manner. We conclude that the commission properly resolved the issue. Plainly, where entitlement under the Act depends upon the claimant's status as employee, *see* Code § 65.1-4, the Industrial Commission has jurisdiction to decide, in the first analysis, whether the claimant was, in fact, an employee within the meaning of the statute. Code § 65.1-92. After considering the evidence on this issue, the deputy commissioner found that the facts warranted the conclusion that Guy was an employee of Classic Floors. The consequence of Classic Floors' failure to timely appeal this point was to resolve this matter against Classic Floors.

Classic Floors next argues that the commission's finding that Guy suffered an injury by accident on September 10 is not supported by credible evidence. We disagree. Factual findings of the Industrial Commission, if supported by credible evidence, are conclusive and binding on appeal. Code § 65.1-98. The fact that contrary evidence may be in the record is of no consequence if credible evidence exists in support of the commission's findings. *Russell Loungewear v. Gray*, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment. *Bradley v. Phillip Morris, U.S.A.*, 1 Va. App. 141, 143, 336 S.E.2d 515, 517 (1985). An "injury by accident" is established by showing " 'an identifiable incident that occurred at some reasonably definite time and that such incident caused an obvious sudden mechanical or structural change in the body.' " *McFeely Hardwoods & Lumber v. Miller*, 4 Va. App. 334, 337, 358 S.E.2d 178, 179 (1987) (quoting *Morris v. Morris*, 4 Va. App. 193, 196, 355 S.E.2d 892, 894 (1987)).

Guy testified before the commission that he experienced a "pull" or "a little pop" in his back, accompanied by an "aching pain," as he loaded the sander into the truck at the end of the work day on September 10. He testified that the pain worsened over the next five days, causing him to visit Dr. Orlin. Dr. Orlin's notes of the September 15 examination reveal that Guy complained of leg cramps "extend[ing] from his L buttock end to the posterior aspect of his leg." A straight leg test was "positive for

some pain in L thigh and extending into his back." We think the commission correctly viewed Dr. Orlin's description of Guy's ailments as consistent with, and therefore corroborative of, the claimant's testimony regarding the nature of the injury suffered.

Dr. Orlin's notes also reveal that Guy articulated a belief at that time that the condition may have occurred when "he lifted a very heavy sander at work." This opinion is similarly expressed in the October 7, 1986 chiropractic center record describing the event. That the September 1986 incident was the cause of his condition is corroborated by the January 20, 1988 letter from Dr. Hanwehr, chief of neurosurgery of the VA Hospital. In Dr. Hanwehr's opinion:

> The heavy lifting incident of 9/86 had clearly been the predisposing traumatic event which without question . . . led to a major L5/S1 offset. . . . There is no doubt . . . that in the absence of this traumatic event, Mr. Guy would not have been incapacitated and disabled to an extent which required a major surgical intervention of this type.

We therefore conclude from a review of the record that credible evidence supports the commission's conclusion that Guy suffered an injury by accident to his back on September 10.

For the forgoing reasons, the decision of the full commission is affirmed.

*Affirmed.*

Koontz, C.J., and Duff, J., concurred.