COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


CYNTHIA ARELLANO
                                              OPINION BY
v.          Record No. 0944-97-4      JUDGE JERE M. H. WILLIS, JR.
                                           FEBRUARY 3, 1998
PAM E. K'S DONUTS SHOP
 AND UNINSURED EMPLOYER'S FUND


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Arturo Hernandez, on brief), for appellant.

            Paul S. Stahl, Assistant Attorney General
            (Richard Cullen, Attorney General; John J.
            Beall, Jr., Senior Assistant Attorney
            General, on brief), for appellee Uninsured
            Employer's Fund.

            No brief or argument for appellee Pam E. K's
            Donuts Shop.


     Cynthia Arellano contends that the Workers' Compensation

Commission erred (1) in considering an issue on review that was

not raised by either party, and (2) in determining that she had

failed to prove that she sustained a permanent partial

impairment.  We affirm the commission's decision.

                               I.

     On January 5, 1993, Arellano slipped on a wet floor in the

course of her employment.  On March 1, 1993, she filed a claim

for benefits, alleging injuries to her neck, back and right side.

 In her answers to interrogatories, she stated, "I walked towards

a table and slipped.  My side of my right ribs hit the end of the

table and I fell back on the floor hurting my back and neck."  At

the hearing on her claim, she testified that she tripped on the

end of a table and fell backward, hitting her head, right knee and side. The commission awarded her compensation for total work incapacity and, subsequently, for partial work incapacity.

Arellano's January 6, 1993 emergency room report describes complaints of pain in the lower left anterior chest and base of the neck. Medical records from Northern Virginia Doctors Hospital note that x-rays were taken of Arellano's chest, ribs and cervical spine. The examining physician diagnosed a contusion on the left rib cage and a neck sprain.

On January 19, 1993, Dr. Inder Bhat examined Arellano concerning her complaints of generalized aches and pains. Dr. Bhat noted that neck movements and lower extremities were normal, arm movements were "ok," and no swelling was detected. He diagnosed Arellano as suffering from a muscular sprain.

On August 26, 1993, Dr. Julio C. Gonzalez examined Arellano. He diagnosed her as suffering from headaches, back and neck pain, all secondary to the trauma, and reported that she experienced occasional numbness of her right hand. On September 13, 1993, Dr. Gonzalez noted that Arellano complained of residual pain in the cervical and shoulder area and of some pain in the lumbosacral area.

On November 21, 1994, Dr. Gonzalez found "a great deal of tenderness in the lumbosacral area and in the right biceps femoris and the gastrocnemius." On June 6, 1995, Dr. Gonzalez noted some tenderness of the left lumbar area. In a follow-up

visit on June 29, 1995, Arellano complained of numbness in her right hand and leg. Dr. Gonzalez noted tenderness in the lumbar and dorsal interscapular areas. On July 23, 1996, Dr. Gonzalez noted tenderness in the right trapezius, sacroiliac joint and knee and a weak right hand grip.

On December 18, 1995, Arellano filed an application seeking a change in treating physicians and compensation for permanent impairment of the left knee and leg. At the hearing before the deputy commissioner on September 9, 1996, Arellano testified that she had injured her left knee and hand. By letter dated that same day, Dr. Gonzalez stated that Arellano "has reached maximum medical improvement [and] will be entitled to 25% partial permanent impairment of left lower extremity and 25% partial impairment for left upper extremity due to pain, reduced function and stamina" as a result of injuries to her cervical and lumbar spine.

The deputy commissioner determined that Dr. Gonzalez was the treating physician and that Arellano had incurred a 25% permanent loss of capacity in her left leg and arm as a result of the January 5, 1993 work place accident. The Uninsured Employer's Fund sought full commission review of the deputy commissioner's finding that Dr. Gonzalez was Arellano's treating physician. The full commission affirmed that finding but vacated the award for permanent partial disability benefits.

II.

Neither the employer nor the Uninsured Employer's Fund sought review of the deputy commissioner's ruling that Arellano had proved a 25% permanent impairment of her upper and lower left extremities. Arellano contends that the commission erred in considering this issue on review. We disagree.

"The commission has statutory authority to 'make rules and regulations for carrying out the provisions of [the Act].'" Ratliff v. Rocco Farm Foods, 16 Va. App. 234, 237, 429 S.E.2d 39, 41 (1993) (citing Code § 65.2-201(A)). "Because the [commission] promulgates these rules and has the obligation and right to enforce them, we would prefer that it have the first opportunity to construe its own rules." Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78 n.2, 367 S.E.2d 204, 206 n.2 (1988). We accord great deference to the interpretation given by the commission to its rules. "Consequently, our review is limited to a determination whether the commission's interpretation of its own rule was reasonable." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989).

Rule 3.1 of the Rules of The Virginia Workers' Compensation Commission provides, in pertinent part:

> A request for review should assign as error specific findings of fact and conclusions of law. Failure of a party to assign any specific error in its request for review may be deemed by the Commission to be a waiver of the party's right to consideration of that error. The Commission may, however, on its own motion, address any error and correct any decision on review if such action is considered to be necessary for just determination of the issues.

- 4 -

Rule 3.1 directs that a request for review should specify the legal and factual determinations to which exception is taken. That requirement, however, is not "jurisdictional in nature, mandating that the commission disregard other errors that may be made by the deputy commissioner." Blevins, 6 Va. App. at 78, 367 S.E.2d at 206 (footnote omitted). Rule 3.1 provides that the commission may, sua sponte, "address any error and correct any decision on review." That authority hinges upon the commission's determination that consideration of an issue not raised by the parties is "necessary for just determination of the issues." The commission, however, must act reasonably in exercising its discretion to undertake review of matters not raised by the parties.

> A single award may not be segmented into component parts, some of which are final dispositions and others of which are not. An appeal of a deputy commissioner's award empowers the [commission] to reexamine all of the deputy commissioner's conclusions.

Mace v. Merchants Delivery Moving & Storage, 221 Va. 401, 404 n.3, 270 S.E.2d 717, 719 n.3 (1980).

On review, the commission routinely considers matters that are germane to the issues specifically on review. See Classic Floors, 9 Va. App. at 94, 383 S.E.2d at 763; The Greif Companies v. Sipe, 16 Va. App. 709, 713-14, 434 S.E.2d 314, 317 (1993). We conclude that Rule 3.1 permits the commission, in the interest of justice, likewise to consider issues not specified in the request for review.

In reviewing this case, the commission found that the award for permanent partial disability was incorrect. The reasonableness of the commission's consideration of the deputy commissioner's finding was rooted in its obligation to correct an erroneous award. Accordingly, we find that the commission acted properly in reviewing the permanent partial disability award.

III.

On appeal, we review the evidence in the light most favorable to the party prevailing. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Having reviewed the record, we cannot state as a matter of law that Arellano sustained her burden of proving a 25% permanent impairment of her left upper and lower extremities that was causally related to her compensable injury by accident. Therefore, the commission's finding is binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Arellano made no complaint of a left leg or left arm injury either at the time of her initial medical treatment, or when she filed her initial claim. She made no complaint of a left leg or left arm injury during the 1993 and 1995 evidentiary hearings. When she filed her claim in 1995, she alleged for the first time an injury to her left leg, but made no mention of injury to her left arm.

Dr. Gonzalez began treating Arellano in August, 1993. His

office notes at that time reflected no injury to or treatment of Arellano's left knee or left arm. Not until immediately prior to the September 9, 1996 hearing did Dr. Gonzalez refer to a permanent partial disability in the left upper and lower extremities and opine that those extremities were injured when Arellano injured her cervical and lumbar spine.

Apart from Dr. Gonzalez's letter, no objective medical evidence substantiates an injury to or loss of use of Arellano's left leg or left arm causally related to her injury by accident. In its role as fact finder, the commission was entitled to reject Dr. Gonzalez's opinion, rendered for the first time on the day of the hearing. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991) (citation omitted).

We affirm the decision of the commission.

Affirmed.