COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


RUSSELL STOVER CANDIES AND
 TIG PREMIER INSURANCE COMPANY

                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0045-98-2       JUDGE NELSON T. OVERTON
                                         AUGUST 11, 1998
SARAH R. ALEXANDER


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         S. Vernon Priddy, III (Patsy L. Mundy; Sands,
         Anderson, Marks & Miller, on briefs), for
         appellants.

         Nora J. Miller (Watson & Nelson, on brief),
         for appellee.


     Russell Stover Candies and TIG Premier Insurance Company
(employer) appeal the decision of the Workers' Compensation
Commission (commission) awarding a former employee, Sarah
Alexander (employee), temporary total and temporary partial
disability benefits for injuries resulting from an asthma attack
she suffered while at work. Employer asserts, inter alia, the
commission erred when it failed to rule on a motion to dismiss
filed by employer pursuant to Rule 3.2 of the Rules of the
Virginia Workers' Compensation Commission. For the following
reasons we agree and remand.

     Employee suffered an asthma attack as the result of smelling
bleach fumes at work. She filed a claim form No. 5 in the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Workers' Compensation Commission on May 21, 1996. Her claim was heard before a deputy commissioner who denied her compensation. She filed a request for review to the full commission on March 27, 1997. Pursuant to Rule 3.2 of the Rules of the Virginia Workers' Compensation Commission, employee was ordered to file a written statement in support of her review by May 23, 1997. Both the record and the parties' briefs indicate employee never filed a written statement.

On June 2, 1997, employer moved the commission to dismiss the request for review due to employee's failure to comply with Rule 3.2. The commission never ruled on this motion. On December 8, 1997, the commission reversed the deputy commissioner and awarded employee benefits.

Rule 3.2 states:

> The Commission will advise the parties of the schedule for filing brief written statements supporting their respective positions. The Statements shall address all errors assigned, with particular reference to those portions of the record which support a party's position.

Employee asserts the commission's refusal to address employer's motion to dismiss is tantamount to the commission interpreting Rule 3.2 to be directory, not mandatory. Yet the commission seems to have adopted an opposite interpretation in previous cases. See, e.g., Terry v. Coe, VWC File No. 1717916 [96 WC UNP 1717916] (May 30, 1996); Crusenberry v. Bristol Compressors, VWC File No. 1514104 [95 WC UNP 1514104] (Nov. 27, 1995) (issues not

addressed in the written statements are waived and abandoned). "'Because the [commission] promulgates these rules and has the obligation and right to enforce them, we would prefer that it have the first opportunity to construe its own rules.'"  Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 482-83, 495 S.E.2d 519, 521 (1998) (quoting Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78 n.2, 367 S.E.2d 204, 206 n.2 (1988)).

The record before us is absent information regarding the commission's use of Rule 3.2 in this case.  Such a void in the record affords us no opportunity for meaningful review. Therefore, we remand the case to the commission with instructions to clarify its treatment of employer's motion to dismiss and its interpretation of Rule 3.2.

Remanded.