COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


MARIA EMIGDIA TURPIN

                                    MEMORANDUM* OPINION BY
v.    Record No. 2933-98-4          JUDGE ROSEMARIE ANNUNZIATA
                                         NOVEMBER 2, 1999
FAIRFAX COUNTY SCHOOL BOARD


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Maria Emigdia Turpin, pro se, on brief).
              Appellant submitting on brief.

              (Michael N. Salveson; Hunton & Williams, on
              brief), for appellee.  Appellee submitting
              on brief.


     Maria Emigdia Turpin ("appellant") appeals the decision of

the Workers' Compensation Commission ("commission"), denying her

application for a change in her treating physicians, and

directing her to select a treating physician from the last panel

offered by the appellee, the Fairfax County School Board.  On

appeal, the appellant presents several issues for review that

may be distilled as follows:  1) whether the appellant was

abandoned by her physician, William S. Berman, M.D.; and

2) whether the commission erred in refusing to consider the

legal arguments prepared on behalf of the appellant by her

non-attorney husband, Charles Turpin, and signed by appellant.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The appellee cross appeals contending the commission should have stricken appellant's pleadings from the record. We find the court did not err in denying the appellant's application and affirm. We further hold that neither the commission's failure to strike the legal arguments prepared by a non-attorney on her behalf nor its refusal to consider the pleadings was erroneous.

I.

FACTUAL BACKGROUND

On October 14, 1997, appellant filed an Application for Hearing with the commission seeking a declaration that Katherine Maurath, M.D., was appellant's new treating physician. A legal brief and a number of enclosures accompanied her Application. Appellant's central allegation in her Application was that her authorized treating physician, William S. Berman, M.D., refused to treat her and that she was therefore entitled to select a new treating physician.

On May 18, 1998, the deputy commissioner denied the requested relief, finding that Dr. Berman had never refused to treat appellant. The deputy commissioner found instead that appellant was herself responsible for the alleged lack of treatment and that appellant had "effectively attempted to create a void in medical treatment which she then argued should be filled by a physician of her own choice, in this case Dr. Maurath." The deputy commissioner's findings also included a

- 2 -

ruling that appellant's employer ("appellee") had no duty to furnish her with subsequent panels of physicians and that it had done so gratuitously in order to assure her continued treatment. Accordingly, the appellant was directed to select from the most recent panel within ten days of the ruling. The deputy commissioner also held that the appellee was not responsible for the cost of appellant's treatment with Dr. Maurath.

On May 20, 1998, appellant sought from the commission a stay of the deputy commissioner's ruling with respect to appellant's selection of a new treating physician from the panel. She then filed a Request for Review with the commission on June 8, 1998.

On November 20, 1998, the commission affirmed the ruling of the deputy commissioner. The commission agreed that "[t]he evidence does not establish that Dr. Berman refused to treat the claimant. Rather, it was the appellant, not Dr. Berman, who terminated the medical treatment."

The commission also denied the appellee's request to strike the documents containing legal argument filed by appellant but prepared on her behalf by a non-attorney. However, the commission declined to consider these arguments in its review of the case on the ground that "a non-lawyer may not submit on behalf of another person or entity documentation including legal

argument and legal citation in support of an issue before the Commission."

On November 23, 1998, the appellee requested that the commission reconsider that portion of its opinion concerning its decision to strike appellant's legal arguments. On December 3, 1998, the commission denied the request for reconsideration on the ground that the commission's opinion clearly and unambiguously applied the commission's established procedures in such cases.

On December 20, 1998, appellant filed the present appeal, and the appellee cross appealed, bringing before us the questions earlier stated.

II.

ANALYSIS

A. <u>The commission's factual findings concerning termination of the appellant's treatment</u>.

On appeal, the factual findings of the commission are conclusive and binding upon the Court of Appeals, if such findings are supported by credible evidence. <u>See</u> <u>Commonwealth v. Powell</u>, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986); <u>see also</u> Code § 65.2-706. It matters not that there may be evidence in the record to support a contrary finding, so long as there is evidence, or reasonable inferences which can be drawn from the evidence, to support the commission's findings. <u>See</u> <u>Food Lion, Inc. v. Lee</u>, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993).

We review the evidence in the light most favorable to the appellee.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

The appellant's entire argument is grounded upon her assertion that her treating physician, Dr. Berman, refused to treat her and that she therefore was entitled to seek treatment from another doctor of her own choice.  The facts established by the evidence fail to demonstrate that Dr. Berman refused treatment to the appellant.  Her claim on appeal is therefore without merit.

The commission found as a matter of fact that Dr. Berman did not refuse treatment to the appellant.  The record provides ample evidence to support this finding.  Dr. Berman had treated the appellant for at least three years, and the record gives no indication that at any time he voiced reluctance to attend appellant.  The record also reveals that even before May, 1996, the appellant had begun to seek treatment from other physicians while still continuing her care under Dr. Berman.  The record further shows that only two days before the appellant's request for a new panel on March 21, 1997, Dr. Berman prepared a medical progress report detailing the appellant's treatment and prognosis.  Dr. Berman's subsequent refusal to schedule an appointment with the appellant on March 27, 1997, resulted from his professional opinion that a consultation by telephone was

- 5 -

adequate to treat her complaint. "Whether a treating physician has released or abandoned his patient most often is determined by the express intent of the physician. . . . [I]t is a factual determination which must be proven by clear and convincing evidence in light of the high professional responsibility which a medical doctor owes to provide patient care and treatment." Jensen Press v. Ale, 1 Va. App. 153, 157, 336 S.E.2d 522, 524 (1985) (emphasis added). Indeed, in Jensen, we observed that "[o]ne refusal to see [a] claimant on request was not a release or discharge." Id.

The evidence in the record plainly supports the commission's conclusion that Dr. Berman did not terminate his treatment of the appellant. Consequently, we will not disturb that finding upon our review of the case. Not only has the appellant failed to demonstrate that Dr. Berman expressed a clear intent to terminate his treatment of her, but her argument relies heavily on Dr. Berman's one-time refusal to schedule an appointment with her on March 27, 1997. Thus, Jensen strongly suggests that even if the commission had made no finding as to the reason for Dr. Berman's refusal to see the appellant on that date, this single instance of a refusal to grant her an appointment would be insufficient evidence of his intent to terminate treatment. We therefore affirm the commission's finding that the appellant herself terminated her treatment with

Dr. Berman. Having done so, she was not entitled to pursue treatment with Dr. Maurath.

B. The commission's refusal to strike legal arguments filed by the appellant and its refusal to consider appellant's pleadings.

Although this question is mooted somewhat by our decision to affirm the commission's findings of fact, we nevertheless consider it in order to clarify the law and to guide parties in future cases.

The commission considered its own rules regarding the pleadings in its decision below. Having found that the appellant could not have prepared her legal arguments herself because of her limited education and her inability to communicate in English, the commission followed its own precedent in choosing to consider the appellant's petition for review, but declining to consider legal arguments prepared on her behalf by a non-attorney. See Smith v. Orange Livestock Market, Inc., 75 O.W.C. 129 (1996); Mullins v. Dale Presley Trucking, VWC No. 149-07-23 (June 29, 1994).

We have previously held that when we construe the adjudicative orders of an administrative agency, we give deference to that agency's interpretation of the law. See Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999). We have also noted the commission has the power to make and enforce rules not inconsistent with

the Workers' Compensation Act in order to further that Act's provisions. See Code § 65.2-201(A); Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 482, 495 S.E.2d 519, 521 (1998), cited in 29 Va. App. at 129 n.2, 510 S.E.2d at 260 n.2. The commission has the power to enforce its own rules. See id. at 482-83, 495 S.E.2d at 521. When the commission interprets its own rules, we will accord that interpretation great deference and will not set it aside unless arbitrary or capricious. See Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992).

We find that the commission acted appropriately in refusing to consider the legal arguments prepared for the appellant by her non-lawyer husband. The commission's choice not to strike the offending documents from the record comports with its prior decisions, see Smith, 75 O.W.C. 129; Mullins, VWC No. 149-07-23, and we therefore defer to the commission in its adherence to its own rules and precedent. It committed no error in not striking the appellant's legal briefs from the record, and it acted appropriately by refusing to consider them in rendering its decision.

Accordingly, we affirm the order of the commission in this case.

Affirmed.