COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Lemons[*]
Argued at Richmond, Virginia


SNAP CONTRACTING CORPORATION AND
 HARTFORD UNDERWRITERS INSURANCE COMPANY

                                      MEMORANDUM OPINION[**] BY
v.    Record No. 1851-99-2          JUDGE DONALD W. LEMONS
                                          MARCH 28, 2000
DONALD KENT EASTWOOD


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          S. Vernon Priddy III (Mary Louise Kramer;
          William B. Judkins; Sands, Anderson, Marks &
          Miller, on briefs), for appellants.

          Richard B. Donaldson, Jr. (Mai Lan F. Isler;
          Jones, Blechman, Woltz & Kelly, P.C., on
          brief), for appellee.


     Snap Contracting Corporation and Hartford Underwriters

Insurance Company ("employer") appeal the decision of the

Virginia Workers' Compensation Commission reversing the deputy

commissioner's decision to suspend temporary total disability

benefits on the grounds of failure to market residual work

capacity, and ordering the reinstatement of Donald K. Eastwood's

compensation benefits.  Finding no error, we affirm.

---------------------

     [*] Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I.   BACKGROUND

Donald K. Eastwood suffered a compensable back injury on December 9, 1991.  On March 23, 1992, pursuant to agreements of the parties, Eastwood was awarded temporary total disability benefits and then temporary partial disability benefits.  By an award entered April 9, 1993, the commission directed employer to pay temporary total disability benefits beginning October 21, 1992.  Medical records show that Dr. Thomas M. Stiles, an orthopedic surgeon, who had treated Eastwood periodically before December 9, 1991, treated him for this work injury as well.  In an opinion dated November 9, 1993, the commission determined that Eastwood injured his left ankle as a consequence of the compensable work accident and awarded him further medical benefits for the ankle injury.

On December 13, 1996, the employer filed an Application for Hearing seeking to terminate Eastwood's temporary total disability benefits contending that he had unreasonably refused medical treatment, that he had returned to work without reporting his earnings, that he was perpetrating a fraud through his ongoing insistence that he remained entitled to benefits and that he was no longer disabled as a result of the accident.

By opinion issued February 18, 1998, the deputy commissioner found that Eastwood continued to be disabled from his pre-injury employment as a result of injuries related to his work accident.  The deputy commissioner also found that

-

Eastwood, without justification, failed to enter a work hardening program that was prescribed by Dr. Lisa Barr.[1] Compensation benefits were suspended as of January 23, 1996. The deputy commissioner found, however, that the employer failed to offer Eastwood a panel of physicians within a reasonable time after Dr. Barr withdrew as Eastwood's treating physician and that treatment obtained later from Dr. Stiles established Dr. Stiles as the newly authorized treating physician. Finally, the deputy commissioner found that Eastwood earned $200 as a bouncer in 1995 while under the open award and $2,080 as a construction worker in 1997.

Both parties moved for reconsideration and the deputy commissioner vacated the February 18, 1998 opinion by order issued March 10, 1998. A new opinion was issued on May 15, 1998 affirming the February 18th findings of fact and conclusions of law. In addition, the deputy commissioner held that Eastwood, by receiving treatment from Dr. Stiles after Dr. Barr withdrew as his treating physician, cured his unreasonable refusal of medical care as of August 7, 1996. The deputy commissioner found, however, that Eastwood did not prove that he marketed his residual capacity after the cure and, therefore, the suspension

---

[1] In an opinion issued November 1, 1995, the deputy commissioner approved the employer's application for a change in physicians and designated Dr. Barr as the new authorized physician. The full commission affirmed the deputy commissioner's opinion on May 6, 1996.

-

of benefits for refusing medical care was continued.  The deputy commissioner further directed that the employer should receive a credit in the amount of $133.36 for monies earned in 1995 while under the open award pursuant to Code § 65.2-712.

Eastwood appealed to the full commission, challenging his obligation to prove marketing of residual capacity based on the fact that neither party raised it as an issue and, if such an obligation existed, regardless of the parties' failure to raise the issue, that he should have had the chance to offer evidence tending to establish adequate marketing.

By opinion dated July 2, 1999, the commission reversed the deputy commissioner's decision suspending the award of temporary total disability benefits and held that no duty to market residual capacity existed.  During the period that Eastwood unjustifiably refused medical treatment, he was being paid compensation pursuant to a pre-existing award.  By the time the employer filed its Application for Hearing challenging Eastwood's receipt of temporary total disability benefits on December 13, 1996, however, he had cured the unjustified refusal by resuming medical treatment with Dr. Stiles.  The commission held that "the Deputy Commissioner could have only properly suspended benefits for the unjustified refusal as of the last day for which compensation was paid pursuant to the [outstanding] award."  Since the refusal was cured before the last day for which compensation was paid pursuant to the

-

outstanding award, the suspension of the award for that period was moot. The employer was ordered to reinstate compensation payments beginning December 16, 1996, the day after the last payment of compensation pursuant to the April 9, 1993 award, and continuing until conditions justify a modification.

## II. FAILURE TO MARKET RESIDUAL WORK CAPACITY

A claimant receiving compensation for temporary total disability is under no duty to market remaining work capacity. See, e.g., Georgia Pacific Corp. v. Dancy, 17 Va. App. 128, 134, 435 S.E.2d 898, 901-02 (1993).

Here the unjustified refusal of medical treatment resulted in suspension of the award. The refusal, however, was cured before the end of the benefit period and before employer filed its application. The commission properly reversed the deputy commissioner's determination that Eastwood failed to market residual work capacity. At that time, Eastwood was under an outstanding award for total disability and had no duty to market.

## III. CURE OF REFUSAL OF MEDICAL TREATMENT

Eastwood appealed the deputy commissioner's decision regarding the issue of failure to market residual work capacity. The employer did not appeal to the full commission the holding that claimant cured his unjustified refusal of medical treatment; consequently, we are barred from reviewing that holding on appeal. See Rule 5A:18.

-

## IV.  DISCRETION OF THE COMMISSION

Rule 3.1 of the Rules of the Virginia Workers' Compensation Commission provides, in pertinent part:

> A request for review should assign as error
> specific findings of fact and conclusions of
> law.  Failure of a party to assign any
> specific error in its request for review may
> be deemed by the Commission to be a waiver
> of the party's right to consideration of
> that error.  The Commission may, however, on
> its own motion, address any error and
> correct any decision on review if such
> action is considered to be necessary for
> just determination of the issues.

In this case the commission lawfully exercised its discretion and declined to consider issues not raised by the employer.  See Brushy Ridge Coal Co., Inc. v. Blevins, 6 Va. App. 73, 78, 367 S.E.2d 204, 207 (1988).

## V.  CONCLUSION

We find no error in the commission's decision and no abuse of discretion in its review of the rulings of the deputy commissioner.

Affirmed.

-