COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


TRADESMEN INTERNATIONAL, INC. AND
 LUMBERMEN'S UNDERWRITING ALLIANCE
                                    MEMORANDUM OPINION* BY
v.   Record No. 1726-01-4           JUDGE NELSON T. OVERTON
                                         MARCH 19, 2002
GARY T. COX


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Scott C. Ford (McCandlish Kaine, P.C., on
               brief), for appellants.

               No brief or argument for appellee.


     Tradesmen International, Inc., and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission ("commission") unreasonably interpreted Rule 1.4(C)

when it dismissed employer's July 31, 2000 application and

required benefits payments until a successive application was

filed on January 3, 2001.  Finding no error, we affirm the

commission's decision.

     Gary T. Cox ("claimant") suffered a compensable injury – a

hernia – on April 24, 2000.  Upon examining claimant on May 1,

2000, Dr. Ronald Kurstin found that claimant had a right

inguinal bulge that "occurred after working on the job," and

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

also noted that claimant complained of "arm pain on the right near the elbow, which occurred at similar type of activity." Dr. Kurstin noted the following recommendation:  "Giving him enough time to recuperate from his arm, I would plan on doing him around the first week in June."  Dr. Kurstin performed claimant's surgery on June 6, 2000, and on June 16, 2000, completed a work restriction form indicating that claimant was not to return to construction work for "at least 4 weeks."

On July 26, 2000, Dr. Kurstin completed a "questionnaire" concerning claimant's scheduling of his surgery.  Dr. Kurstin indicated that he could have performed the surgery promptly after claimant's May 1, 2000 office visit, but that claimant "delayed his surgery until June 6, 2000, because of unrelated elbow complaints."  The word "unrelated" was then marked through and initialed by Dr. Kurstin.  Dr. Kurstin indicated that because of claimant's elbow problem, he did not agree that claimant could have returned to work sooner had the surgery been performed sooner.

On July 31, 2000, employer filed an application to terminate benefits as of May 1, 2000, based on claimant's alleged refusal of medical treatment by unnecessarily postponing recommended surgery.

Claimant was released to pre-injury work on August 7, 2000. On January 3, 2001, the commission received a second application

-

from employer alleging that Dr. Kurstin released claimant to pre-injury work as of August 7, 2000. Employer clarified that the application was a "successive" application and alleged that benefits were last paid through July 17, 2000.

When a challenge is made to the commission's construction of its rules, "our review is limited to a determination whether the commission's interpretation was reasonable." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989). Under Commission Rule 1.4(C)(2), compensation shall be paid through the date the application was filed unless the application alleges refusal of medical treatment, in which case the payment "shall be made to the date of the refusal or 14 days before filing, whichever is later." Commission Rule 1.4(C)(4) states that compensation shall be paid through the date the application was filed unless "[a]n employer files successive applications, in which case compensation shall be paid through the date required by the first application. If the first application is rejected, payment shall be made through the date required by the second application."

Claimant underwent the recommended surgery on June 6, 2000; employer's first application was filed on July 31, 2000. At the hearing on this application, held on January 29, 2001, the deputy commissioner dismissed the application because any refusal by claimant to undergo the recommended medical treatment

-

was "cured" by the June 6, 2000 surgery, well before the application was filed. Therefore, employer failed to show refusal of medical treatment, and the deputy commissioner did not err in dismissing the first application.

After dismissing the first application, the deputy commissioner considered employer's second application. Under these circumstances, Rule 1.4(C) requires payment to be made through the date the second application is filed. Employer's argument that Rule 1.4(C)(4) technically applies to "rejected" first applications as opposed to "dismissed" first applications is misplaced. See Day v. Shenandoah Fiberglass Prods. Co., Inc., 70 O.I.C. 73, 74-75 (1991) ("If the first application had been dismissed, the employer would have had to pay benefits to the date the second application was filed."). The commission did not err in applying Rule 1.4(C)(4) to require employer to make payments until the second application was filed on January 3, 2001.

The commission's interpretation of its rules was reasonable. Accordingly, we affirm the decision of the commission.

Affirmed.