UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges Beales and Fulton
Argued by videoconference

COUNTY OF CHESTERFIELD

v.     Record No. 0512-21-2

HARRY OVERTON, JR.

MEMORANDUM OPINION[*] BY
JUDGE JUNIUS P. FULTON, III
NOVEMBER 16, 2021

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Faraz A. Jindani (Brian A. Richardson; Ford Richardson, PC, on
briefs), for appellant.

B. Mayes Marks, Jr. (Marks & Associates, P.C., on brief), for
appellee.

The County of Chesterfield (employer) appeals a decision of the Workers' Compensation

Commission awarding temporary total disability benefits to Harry Overton, Jr. (claimant).

Employer specifically takes issue with the Commission's view that the termination for "just

cause" did not include its allegation of fraud and was limited to "poor job performance."

Employer further asserts that the Commission erred by finding that claimant adequately

marketed his residual work capacity. For the following reasons, we affirm the Commission's

decision on both issues.

I.  BACKGROUND

Claimant suffered an accidental compensable injury on May 13, 2019, as he lifted a trash

bag while on duty as a maintenance worker with his employer, the County of Chesterfield. He

sustained a right rotator cuff injury as a result. The parties agreed to the award of medical

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

benefits and temporary total disability benefits beginning May 14, 2019, and continuing. Subsequently, both parties petitioned the Commission for adjustments to those benefits. Claimant filed a February 5, 2020 claim seeking temporary total disability from October 11, 2019, through January 12, 2020, and temporary partial disability beginning January 13, 2020, and continuing. Employer filed its June 10, 2020 successive application for hearing. In this successive application, employer sought a cessation of claimant's benefits, alleging that claimant was terminated for cause on October 10, 2019. In support of its claim of termination for cause, employer specifically said in its cover letter that the termination was "based on poor job performance" and in the supporting materials the basis for termination was stated as related to "performance deficiencies."

Following an evidentiary hearing, during which employer alleged and produced—for the first time—evidence of fraud by claimant,[1] the deputy commissioner found that termination due to the fraud allegation was not properly before him and awarded temporary total disability benefits for October 11, 2019, through December 28, 2019, and January 5, 2020, through January 12, 2020. The deputy commissioner found that claimant adequately marketed his remaining work capacity during the periods provided in the award, but not for December 29, 2019, through January 4, 2020. The full Commission affirmed, finding that employer's successive application for hearing "specified that claimant was 'terminated based upon poor job performance,' and referenced attached exhibits." In so finding, the Commission determined that the evidence did not support a finding that the termination was based upon poor job performance. The Commission elaborated and stated that the allegation of fraud and "the issue of the

---

[1] Specifically, employer alleges claimant was terminated for fraud related to the reporting of his work hours by misrepresenting that he attended a compensated physical therapy session for which he only partially attended.

claimant's termination for fraud was not raised in the application" and therefore "the Commission cannot adjudicate an issue that is not before it." The Commission further affirmed the deputy commissioner's finding that claimant adequately marketed his residual work capacity for the periods of time noted by the deputy commissioner.

Employer filed its notice of appeal on May 14, 2021, claiming that it was error to conclude that claimant was not terminated based on his poor work performance and that the award of benefits was not supported by adequate evidence because claimant did not adequately market his residual work capacity for the awarded periods. Employer stressed that its successive application properly raised the issue of termination for fraud generally, including the claimant's termination for fraudulently reporting his time on his timesheet.

## II. STANDARD OF REVIEW

"On appeal from a decision by the Workers' Compensation Commission, this Court views the evidence in the light most favorable to the prevailing party below." Loudoun County v. Richardson, 70 Va. App. 169, 175 (2019). "The Commission's factual findings, if supported by credible evidence, are binding on appeal." Id. See Code § 65.2-706(A). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." United Airlines, Inc. v. Sabol, 47 Va. App. 495, 501 (2006) (quoting Pruden v. Plasser Am. Corp., 45 Va. App. 566, 574-75 (2005)). "If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by [the] Court on appeal, even though there is evidence in the record to support contrary findings of fact." Richardson, 70 Va. App. at 176 (quoting Caskey v. Dan River Mills, Inc., 225 Va. 405, 411 (1983)). "Such deference to the Commission does not extend to questions of law, which we review *de novo*." Anderson v. Anderson, 65 Va. App. 354, 361 (2015).

On appeal, this Court will also "accord great deference to the interpretation given by the [C]omission to its rules." Summit Pharmacy v. Costco Wholesale, 73 Va. App. 96, 108 (2021) (quoting Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 483 (1998)). Consequently, "our review is limited to a determination whether the [C]ommission's interpretation of its own rule was reasonable." Id. (quoting Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93 (1989)). Thus, we "will not set aside the [C]ommission's interpretation of its rules unless that interpretation is arbitrary and capricious." See Diaz v. Wilderness Resort Ass'n., 56 Va. App. 104, 114 (2010).

## III. ANALYSIS

### A. The Commission did not err in determining that the basis for termination offered in employer's successive application was limited to poor job performance.

On appeal, employer argues that its successive application generally alleged "for cause" grounds and that the Commission erroneously placed more weight on its cover letter asserting "poor job performance" than on the language in the successive application itself. If only its successive application was considered, employer argues that its claim of fraud would have been encapsulated in the "for just cause" grounds listed in the application. For these reasons employer argues that the Commission erred in determining that claimant was terminated for a reason other than poor job performance. We disagree.

The issue before the Commission was not, as employer tries to make it, whether fraud was a factor in claimant's termination or whether fraud is a justified basis for terminating an employee. If those were the questions below, the rulings in this case very well could have been different. Instead, the issue on appeal is a procedural one—did employer properly identify fraud as a basis for the claimant's termination in the employer's successive application and supporting termination paperwork? To this, the answer is no.

Employer's successive application for hearing sought to suspend benefits on the basis that the "[c]laimant was terminated for just cause effective 10/10/2019, wage loss after this date is no longer causally related to subject work accident." Exhibit 1 thereto was a "Chesterfield County Report of Separation" in which the "Reason for Separation" section of the report marked "Probationary Release (Full-time only)" stated, in part: "[Claimant] failed to meet the performance expectations of a Principal maintenance Worker." The termination paperwork clearly points to poor work performance as the "cause" for the termination, but the testimony at the hearing told a different story. Mr. Cooke, claimant's former supervisor, testified that fraud—not the other "minor things" cited by employer—was "the major thing" leading to the termination. The Commission determined that Mr. Cooke's testimony was clear that it was the fraud that precipitated the consult with Human Resources and claimant's ultimate termination.

In seeking a modification of an award, an employer has the burden of proof. As noted in the rulings below, all that is required to establish a termination for cause and a forfeiture of subsequent compensation benefits is a showing (1) that the wage loss is properly attributable to the wrongful act and (2) that the employee is responsible for that wrongful act. Shenandoah Motors v. Smith, 53 Va. App. 375, 386 (2009) (citing Artis v. Ottenberg's Bakers, 45 Va. App. 72, 85 (2005)).

When viewed in its entirety, employer's successive application sought cessation of benefits based on claimant's termination for poor work performance. Neither the successive application nor the attached documents mentioned that claimant fraudulently reported his time. The reason for separation, attached to employer's successive application, is specific that the termination was for performance-related reasons. An employer must show that the termination was justified in order to be entitled to a modification of an award. There was not sufficient

support in the record to support a termination for poor work performance as alleged by employer in its application and supporting materials.

The Commission's ruling is not as draconian as employer portrays in its briefing. Employer had the burden of establishing a justified basis for the termination and, by the own testimony of claimant's supervisor, the termination was not for the basis claimed by employer. Employer could have corrected its mistake by making its application clear or providing supporting materials at the time of filing to show that fraud was the basis for the termination. See Cent. Virginia Training Ctr. v. Martin, 2 Va. App. 188, 193 (1986). Employer did not.

The Commission found that employer can only rely on the basis of termination that it pled in its application. Rule 1.4(A) of the Commission specifies that "An employer's application for hearing, shall be in writing and shall state the grounds and relief sought." In interpreting its own rule, the Commission rejected employer's successive application because the only basis given in the application and supporting documents was "performance" related. Nowhere in the application or the supporting materials did employer mention fraud, yet it was clear at the hearing that fraud was the basis of the termination. The factual record supports the Commission's conclusion that the alleged fraud and not the claimant's minor infractions were the basis for the termination and that a termination based on the alleged fraud was not properly before the deputy commissioner. Rule 1.4 does not require painstaking specificity, but where—as here—there is a distinction *with* a difference that made the application and the evidence at trial diverge, then such distinction should be reflected in employer's successive application and supporting materials. In light of the pleadings of employer, the Commission stated that it "cannot adjudicate an issue that is not before it." And, for purposes of this appeal, the Court of Appeals "will not set aside the [C]ommission's interpretation of its rules unless that

interpretation is arbitrary and capricious." See Diaz, 56 Va. App. at 114. The Commission's finding on this issue was not arbitrary and capricious.

B. The Commission's award of temporary total disability was correct.

Employer also argues that the award of benefits was in error because claimant did not adequately market his residual work capacity for the relevant periods. We again disagree. In viewing the record in the light most favorable to claimant, credible evidence exists to support the Commission's award of benefits for the designated periods.

"On appeal, 'we view the evidence in the light most favorable to the prevailing party before the [C]ommission'" and "'defer to the [C]ommission in its role as fact finder . . . .'" Paramont Coal Co. Va., LLC v. McCoy, 69 Va. App. 343, 349-50 (2018) (alterations in original) (quoting Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72 (2003)). As to whether an award of benefits is appropriate, "[a] partially incapacitated employee, absent an award from the Commission, is not entitled to temporary total disability benefits unless he has made a reasonable effort to market his remaining work capacity." White v. Redman Corp., 41 Va. App. 287, 292 (2003) (citing Wash. Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 600-01 (1985)). "An employee must 'exercise reasonable diligence in seeking employment' and the reasonableness of an employee's effort will be determined on a case by case basis, taking into account 'all of the facts and surrounding circumstances.'" Ford Motor Co. v. Favinger, 275 Va. 83, 89-90 (2008). In determining whether credible evidence exists, this Court does not retry the facts, reweigh the evidence, or make its own determination of the witnesses' credibility. Smith-Adams v. Fairfax Cnty. Sch. Bd., 67 Va. App. 584, 590 (2017).

Employer cursorily argues that claimant did not act in good faith because he applied for jobs that were outside his capabilities. But employer does not point to which jobs were outside of claimant's abilities and how that factors into the "reasonable efforts" analysis required to be

conducted. See Herbert Bros., Inc. v. Jenkins, 14 Va. App. 715, 717 (1992). Instead, employer simply makes a blanket claim that there was "no testimony insinuating that he thoroughly reviewed his marketing evidence." The Commission disagreed and considered the marketing efforts of claimant given his "age, work restrictions, education, and employment experience." As the Commission noted, the advisory marketing guidelines published by the Commission suggest a partially disabled employee should contact "at least five potential employers per week where the employee has reasonable basis to believe there might be a job available that he might be able to perform." Based on claimant's marketing log and testimony, the Commission found it "reasonable that [claimant] believed there might have been a job within his restrictions available with the employers he contacted." We are satisfied with the Commission's evaluation of the evidence before it. Because credible evidence exists on the record and such evidence was considered by the Commission, there should be no disruption to the result on appeal. Richardson, 70 Va. App. at 175 ("The Commission's factual findings, if supported by credible evidence, are binding on appeal."). Hereto we affirm.

## IV. CONCLUSION

We hold that the Commission did not err in affirming the deputy commissioner's findings that employer's successive application was limited to poor job performance and in awarding temporary total disability benefits. There was adequate evidence in the record to support both findings. Accordingly, we affirm the Commission's decision.

Affirmed.